**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOE CONTRERAS,

      Defendant-Appellant.

No. 97-8098
(D.C. No. 97-CV-104-B)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

In 1994, Joe Contreras ("Contreras") pled guilty to federal drug charges and was sentenced to 120 months' imprisonment. (ROA 1). On April 28, 1997, Contreras filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on the grounds that his guilty plea was unknowing and involuntary as a result of the government's breach of the plea agreement. (ROA 1 & 7).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Contreras contended that the plea agreement provided that his federal sentence would run concurrently with any state sentence he might receive in connection with the conduct at issue in the federal proceedings. (ROA 1 & 7). Contreras argued that the government violated the plea agreement because Federal Bureau of Prison authorities failed to credit his sentence for over two and one-half years of time served from the date of his arrest under both state and federal custody. (ROA 1 & 7). As a result, he claimed that his sentence had been extended improperly by 30 months to 150 months' imprisonment.

The district court concluded that Contreras' claim that the government breached the plea agreement by failing to give him credit for time served could not be heard until after he exhausted his administrative remedies, i.e. the Bureau of Prisons' final determination of its position with regard to his sentence. (ROA 6). Consequently, the district court found that it lacked jurisdiction to consider Contreras' claim and denied his motion. (ROA 6). Contreras filed a Motion for Reconsideration arguing that because he was challenging the voluntariness of his plea agreement and not his sentence, he need not exhaust administrative remedies. (ROA 7). In the alternative, advising the court that he was in the process of exhausting his administrative remedies and was only awaiting a final decision from the Bureau of Prisons, Contreras asked the district court to vacate its order dismissing his § 2255 motion and to stay the proceedings until after the

administrative process had run its course.  (ROA 7).  Contreras noted that he brought his § 2255 motion before he had completed the administrative process only because of the one-year limitation on claims filed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  In addition, because his § 2255 motion was filed after the effective date of AEDPA, dismissal of his claim outright without staying the proceedings would prevent him from filing a second § 2255 motion.  See 28 U.S.C.A. § 2255 (West Supp. 1997) (disallowing successive motions except in limited circumstances).  The district court denied Contreras' motion to reconsider on July 24, 1997.  (ROA 10).  Contreras now appeals.[1]

On August 25, 1997, the Bureau of Prisons issued a final decision in Contreras' administrative appeal of his sentence denying his claim for a sentence reduction.  (Appellant Brief, Exhibit C).  As a result, Contreras has exhausted his administrative remedies.  Given Contreras' good faith efforts to comply with AEDPA and exhaust his administrative remedies, the district court should have stayed the proceedings in this case until after the administrative process had come to an end.  Thus, we find that the district court erred by denying Contreras'

---

[1] Although the notice of appeal was not filed with the district court until more than 30 days after entry of the order of dismissal, Contreras delivered the notice of appeal to prison officials before the 30-day deadline as provided by Fed. R. App. P. 4(c).

motion to reconsider.  As a result, we need not address the question of whether

Contreras had to exhaust administrative remedies before bringing his § 2255

motion.  We also grant Contreras' motion to proceed In Forma Pauperis.

REVERSED and REMANDED for further proceedings.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge